UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Larry D. Smith, Jr.<br>**Debtor 1** | **Chapter** 13<br>**Case No.** 1:20-BK-01221-HWV<br>**Matter:** Motion for Wage Attachment Order |

## DEBTOR(S)' MOTION FOR WAGE ATTACHMENT ORDER

AND NOW, come the Debtor(s), Larry D. Smith, Jr., through their attorney, Paul D. Murphy-Ahles, Esquire and DETHLEFS PYKOSH & MURPHY, who files the within Debtor(s)' Motion for Wage Attachment Order and aver as follows:

1) Debtor(s) filed a Chapter 13 Petition on or about March 31, 2020.

2) Debtor 1, Larry D. Smith, Jr., receives regular income from employment with **International Chemstar**, which may be attached under 11 U.S.C. §1326 to fund Debtor(s)' Chapter 13 Plan. Debtor(s) have proposed a Plan under which a portion of future earnings or wages is to be paid to the Standing Chapter 13 Trustee, for the benefit of creditors, in the amount of **$98.31** from each **bi-weekly** paycheck.

3) The likelihood of success in this case will be much greater if Debtor 1's income is attached to fund the Plan, and Debtor 1 consents to the wage attachment.

5) Debtor 1's employer should be ordered to deduct from Debtor 1's future earnings or wages the periodic amount proposed by the Plan filed herein, and to pay said amount forthwith to the Standing Chapter 13 Trustee appointed by the Court and continue such periodic deductions and payments until such time as the Plan submitted by Debtor 1 is consummated, or until further order of the Court.

WHEREFORE, the Debtor(s) respectfully requests that this Court enter an Order directing the above-mentioned employer to pay the Standing Chapter 13 Trustee in the amount set forth in the attached Order.

                                              Respectfully submitted,

Date: June 8, 2021                    /s/ Larry D. Smith, Jr.

                                              Debtor 1

                                              **DETHLEFS PYKOSH & MURPHY**

                                              /s/ Paul D. Murphy-Ahles

                                              Paul D. Murphy-Ahles, Esquire
                                              PA ID No. 201207
                                              2132 Market Street
                                              Camp Hill, PA 17011
                                              (717) 975-9446
                                              pmurphy@dplglaw.com
                                              *Attorney for Debtor(s)*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

Larry D. Smith, Jr.
**Debtor 1**

**Chapter** 13

**Case No.** 1:20-BK-01221-HWV

**Matter:** Motion for Wage Attachment Order

**ORDER OF COURT**

UPON CONSIDERATION of the above-referenced Debtor(s) having filed a Plan under Chapter 13 of the Bankruptcy Code and having submitted all future income to the jurisdiction of this Court in accordance with statute, IT IS HEREBY ORDERED that until further Order of this Court, the entity from whom Debtor 1, Larry D. Smith, Jr., receives income from:

International Chemstar
Attn: Payroll Department
9601 Pulaski Park Drive, Suite 406
Baltimore, MD 21220

Should deduct from said Debtor 1's income the sum of **$98.31** from each **bi-weekly** paycheck, or such other sums as Debtor 1 may from time to time direct, beginning on the next pay day following receipt of this Order and deduct a similar amount each pay period thereafter, including any period from which Debtor 1 receives a periodic or lump sum payment as a result of vacation, termination, or any benefits payable to Debtor 1, and to remit the deductible sums to:

Jack H. Zaharopoulos, Esquire
Standing Chapter 13 Trustee
PO Box 6008
Memphis, TN 38101-6008

IT IS FURTHER ORDERED that the entity from whom Debtor 1 receives income shall notify the Standing Chapter 13 Trustee if Debtor 1's income is terminated and the reason, therefore. IT IS FURTHER ORDERED that all remaining income of Debtor 1 except the amounts required to be withheld for taxes, social security, insurance, pension, or union dues be paid to said Debtor 1 in accordance with usual payment procedure. IT IS FURTHER ORDERED that the employer will place the Bankruptcy Case Number and the name of the Debtor(s) on all checks being forwarded to the Standing Chapter 13 Trustee to ensure proper accounting of the funds.

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Larry D. Smith, Jr.<br>**Debtor 1** | **Chapter** 13<br><br>**Case No.** 1:20-BK-01221-HWV<br><br>**Matter:** Motion for Wage Attachment Order |

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, June 8, 2021, I served a true and correct copy of the **Debtor(s)' Motion for Wage Attachment Order and proposed Order** in this proceeding upon the following:

<u>Via USPS First Class Mail</u>
International Chemstar
Attn: Payroll Department
9601 Pulaski Park Drive, Suite 406
Baltimore, MD 21220

<u>Via Electronic Means</u>
Jack H. Zaharopoulos, Esquire
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036

Office of the United States Trustee
Ronald Regan Federal Courthouse
228 Walnut Street, Suite 1190
Harrisburg, PA 17101


/s/ Kathryn S. Greene

Kathryn S. Greene, RP®, Pa.C.P.
Paralegal for Paul D. Murphy-Ahles, Esquire